*E-FILED - 8/2/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| United States of America, | CASE NO.  C-08-4311-RMW |
|---|---|
| Plaintiff-Respondent, | Related Criminal Case No.: CR-03-20082-RMW |
| v. | |
| Roberto Aguilar-Escobedo, | ORDER DENYING MOTION PURSUANT TO 18 U.S.C. § 2255 |
| Defendant-Petitioner. | |

On September 15, 2008 defendant Roberto Aguilar-Escobedo filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by Person in Federal Custody.

**I. PROCEDURAL HISTORY**

Aguilar-Escobedo was convicted by jury on July 7, 2004 of conspiracy to distribute cocaine and to possess it with intent to distribute, distribution of cocaine and possession with the intent to distribute cocaine.  The jury also found that the conspiracy and defendant's possession with the intent to distribute involved five or more kilograms of cocaine.  Defendant was sentenced on June 30, 2005 to a period of incarceration of 121 months.  His conviction and sentence were affirmed on appeal on December 5, 2006.  By his current motion he contends that: (1) he "was denied his Fifth Amendment Right to a fair trial because of outrageous prosecutorial misconduct" and (2) that he was denied his right

to effective assistance of counsel.

## II. PROSECUTORIAL MISCONDUCT

### A. Benefits Provided Witness

Petitioner complains that his right to a fair trial was violated because Michaelle Marks, a prosecution witness, was provided benefits in exchange for her testimony against him. He claims this violated 18 U.S.C. § 201(c) which proscribes gifts or promises of something of value for testimony. However, the law is clear that § 201(c) does not prohibit the government from providing benefits or immunity from prosecution to a cooperating witness. *See United States v. Ihnatenko*, 482 F.3d 1097, 1099-1100 (9th Cir. 2007). Further, the jury was instructed to consider Marks' testimony with greater caution than that of other witnesses.

> You have heard evidence that Michaelle Marks, a witness, has been convicted of felonies, has cooperated with the government with the hope of getting the government to recommend a reduced sentence in her husband's case, understands she will not be prosecuted for her involvement with prohibited drugs as long as she testifies truthfully, and has received benefits from the government including $4,000 for moving expenses. You may consider this evidence, along with other pertinent evidence, in deciding how much weight to give to the testimony of Ms. Marks and whether or not it has been influenced by any of these matters. You should view her testimony with greater caution than that of other witnesses.

Instruction No. 9.

Petitioner's claim that he was denied a fair trial because of the benefits provided to Ms. Marks is denied.

### B. Failure to Give Notice of Intent to Offer Evidence of Prior Drug Sales

Petitioner complains that the government offered evidence of uncharged prior drug sales. However, as pointed out in the memorandum disposition of the appeal in this case, "given the defendant's notice that he intended to pursue an entrapment defense, the government had every reason to introduce evidence of prior drug dealing to show Aguilar-Escobedo's disposition to commit the crime." *United States v. Aguilar-Escobedo*, 214 Fed.Appx. 682, 684 (9th Cir. 2006). Therefore, there was no error in either the alleged failure to give notice of the intent to introduce Federal Rule of Evidence 404(b) evidence or the offer of it into evidence.

### C. Manipulation of Quantity of Drug Sale

Petitioner complains that the government manipulated the quantity of drugs and he was thereby prejudiced. However, as pointed out in the appellate memorandum disposition, petitioner sought no sentencing entrapment instruction and the jury found that more than five kilograms of cocaine was involved. *Id.* at 684. The court sentenced defendant in accordance with the amount of drugs found by the jury. *Id.* at 684-5. There was no prosecutorial misconduct in connection with the drug quantity.

### D. Delay in Providing Information About the Informant

Petitioner's final basis under the Fifth Amendment for complaining that he did not receive a fair trial is that the government delayed in providing information about the informant. Petitioner acknowledges there was no speedy trial violation. He, nevertheless, speculates that the government's conduct was in bad faith and intentional and, therefore, outrageous because the information was not provided earlier. Petitioner's claim is without merit.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

### A. Failure to Ask for Jury Instruction on Entrapment

Petitioner complains that his counsel was ineffective for two reasons: (1) he failed to request a jury instruction on entrapment and (2) he requested the court not give certain instructions limiting the jury's consideration of other, uncharged drug dealing by defendant. Petitioner's complaint about his counsel's failure to seek an instruction on entrapment appears to be primarily, if not exclusively, based upon counsel's failure to request an instruction on sentencing entrapment as opposed to a claim that an instruction on entrapment as a complete defense should have been requested. There does not appear to be any evidence that was offered, or could have been offered, to support a complete entrapment defense.

The court did consider sentencing entrapment before the defendant was sentenced. Although it was the probation officer and the court that initially raised the issue, counsel for the defendant thereafter briefed and argued the issue at sentencing. The question,

therefore, is whether counsel was ineffective for not raising the issue before the jury. As pointed out in the recent memorandum disposition in *United States v. Londo*:

> Both before and after the Supreme Court decided *Apprendi*, Ninth Circuit case law has recognized the theory of "entencing entrapment," but only as a matter to be considered at sentencing. *See United States v. Mejia*, 559 F.3d 1113, 1118 (9th Cir.2009); *United States v. Staufer*, 38 F.3d 1103, 1106-08 (9th Cir.1994). The issue whether the "sentencing entrapment" theory can be invoked as a substantive defense to a drug offense after *Apprendi* has been discussed in the case law, but has never been specifically approved or disapproved by any federal appellate court. *See United States v. Gunn*, 369 F.3d 1229, 1236-37 (11th Cir.2004); *United States v. Ryan*, 289 F.3d 1339, 1342-43 (11th Cir.2002).

2010 WL 642735 (9th Cir. 2010). Under these circumstances, it would be unreasonable to hold that counsel fell below the standard of care because he only argued sentencing entrapment at the sentencing hearing. Further, the defendant has not shown that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

### B. Request to Not Give Certain Limiting Instructions

The court proposed that Ninth Circuit Model Criminal Instructions 3.10 and 4.3 which limit the jury's consideration of other crimes, wrongs or acts of defendant be given. Defense counsel objected to the two instructions. This was obviously a strategy decision by defense counsel who apparently believed that the instructions highlighted defendant's wrongdoing. Instead, he requested instruction 3.11 which informed the jury that "[t]he defendant is on trial only for the crimes charged in the indictment, not for any other activities." Jury Instruction 10. Although defense counsel's choice seems unusual, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, *i.e.* that the challenged action could be considered sound trial strategy. *See Strickland*, 466 U.S. at 489. More importantly, in light of the evidence and the content of instruction 3.11, it cannot be said that had instructions 3.10 and 4.3 been given instead of 3.11, the result of the proceeding would have been different. *Id.* at 688.

For the reasons stated, petitioner's ineffective assistance of counsel claims fail.

## IV. ORDER AND CERTIFICATE OF APPEALABILITY

Although petitioner has done a commendable job in presenting his position, the court finds that the petitioner is not entitled to relief. The petition is denied pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings.

The court denies a certificate of appealability on petitioner's claims of denial of a fair trial based upon alleged prosecution misconduct and on counsel's request that the court not give model instructions 3.10 and 4.3. Petitioner has not made a substantial showing of a denial of a constitutional right with respect to those claims. *See* 28 U.S.C. § 2253. The court grants a certificate of appealability on counsel's alleged ineffective representation by not requesting a jury instruction on sentencing entrapment. Although the court has found that counsel was not ineffective, jurists of reason could debate whether trial counsel's failure to do so provided ineffective assistance of counsel, specifically whether counsel's advice fell below the standard of care and whether any failure was harmless. Therefore, the court hereby issues a certificate of appealability on the limited issue of failure to request a jury instruction on sentencing entrapment.

Date 7/30/10                                        *Ronald M Whyte*
                                                    _____
                                                    RONALD M. WHYTE
                                                    United States District Judge